## STATE OF ALABAMA v. MARTIN.

### In re THOELE–PHILLIPS MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1919.)

Nos. 3313, 3314.

BANKRUPTCY ⟺350—DEBTS WHICH HAVE PRIORITY—DEBTS DUE STATE—LAWS OF STATE.

    The law of Alabama does not give priority to a debt due to the state from an insolvent debtor or decedent, except for taxes, and a contract debt due to the state from the estate of a bankrupt is not entitled to priority, under Bankruptcy Act July 1, 1898, § 64b(5), being Comp. St. § 9648.

Appeal from and Petition to Superintend and Revise Decrees of the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the Thoele-Phillips Manufacturing Company, bankrupt; W. H. Martin, trustee. The State of Alabama appeals from, and petitions to review, an order of the District Court denying priority to a claim by the State. Affirmed.

Fred S. Ball and Emmett S. Thigpen, both of Montgomery, Ala., and Lawrence Cooper, of Huntsville, Ala., for appellant and petitioner.

J. T. Kirk, of Tuscumbia, Ala., and J. L. Andrews, of Sheffield, Ala., for appellee and respondent.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

WALKER, Circuit Judge. What is complained of is a ruling to the effect that a debt owing by the bankrupt corporation to the state of Alabama for the hire of convicts was not entitled to priority of payment.

The common law of England, so far as not inconsistent with the Constitution, laws, and institutions of Alabama, prevails in that state. Code of Alabama 1907, § 12. The Bankruptcy Act gives priority to—

"debts owing to any person who by the laws of the states or the United States is entitled to priority." Bankruptcy Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (Comp. St. § 9648).

It is claimed that the state has the priority which the common law accorded to debts owing to the sovereign. There are Alabama statutes, the enactment and existence of which seem to us to be inconsistent with the hypothesis that the priority claimed exists under the law of that state. Alabama statutes make all the property of decedents, except as otherwise provided, chargeable with the payment of their debts, and prescribes the following order for their payment:

    (1) The funeral expenses.

    (2) The fees and charges of administration.

    (3) Expenses of the last sickness.

    (4) Taxes assessed on the estate of the decedent previous to his death.

---

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(5) Debts due to employés, as such, for services rendered the year of the death of the decedent.

(6) The other debts of the decedent.

It is provided that there shall be no preference in the payment of debts of the same class. Code of Alabama 1907, §§ 2596, 2597, 2598. The proceeds of the sale of the assets of insolvent estates of decedents are required to be distributed in the above-stated order. Id. § 2755. Statutes provide for the administration of express trusts created for the payment or security of debts, including general assignments for the benefit of creditors. Id. § 6054 et seq. In such case distribution is required to be made to creditors as in the case of insolvent estates of decedents. Id. § 6071.

A result of the statutes mentioned is that a demand in favor of the state, unless it is one for taxes, is not entitled to priority, when asserted against the estate of a deceased debtor, or against the property of one who has made a general assignment for the benefit of his creditors. It is not to be supposed that the Legislature intended to give to a debtor's death, or to his creation of an express trust for the payment or security of his debts, the effect of depriving a creditor of a priority which he has so long as the debtor lives and does not himself devote his property to the payment of his debts. The fact that the statutes which deal with the distribution of property among the creditors of its insolvent owner provide for the state having a priority only for taxes furnishes some basis for an inference that the lawmakers recognized that debts owing to the state are not entitled to priority except when expressly provided for. It seems more reasonable so to infer than it is to infer that the existence of a general rule that all debts owing to the state have priority was recognized, and that the lawmakers intended that the priority. except for taxes, should cease to exist if the debtor dies or makes a general assignment for the benefit of his creditors. Ordinarily, existing liens or priorities are not destroyed by such happenings. A statute is not to be so construed as to have that effect, unless it is clear that it was so intended. So far as we are advised, the priority claimed in the instant case has never been judicially recognized in Alabama. In view of that circumstance, and of the statutory provisions above referred to, we think the conclusion is warranted that the priority claimed does not exist under the law of that state. The court did not err in disallowing the state's claim as a prior claim, and in allowing it as an unsecured and unpreferred claim.

Affirmed.